UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEFFREY DAVIS, ) | CASE NO. 1:13 CV 360 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| JOE COAKLEY, ) | AND ORDER |
| ) | |
| Respondent. ) | |

INTRODUCTION

On February 19, 2013, petitioner *pro se* Jeffrey Davis filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. For the reasons stated below, this action is dismissed.

BACKGROUND

On September 26, 2006, petitioner pleaded guilty in this court to possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Davis*, N.D. Oh. Case No. 1:06 CR 257. He subsequently was denied a motion to withdraw his plea and a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Additionally, a previous 2241 action filed by Davis was denied by this court. *Davis v. Farley*, N.D. Oh. Case No. 1:11 CV 2154, *aff'd*, U.S. 6th Cir. No. 11-4454. The petition in that case asserted Davis was "actually innocent," as does the

instant petition.[1]


LAW AND ANALYSIS

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).  Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion.  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).  Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions."  *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)).  The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective.  *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Davis seeks to raise issues that have or could have been raised in his previous postjudgment motions and habeas action.  The petition sets forth no reasonable suggestion of a proper basis on which to now raise these issues pursuant to this second 28 U.S.C. § 2241 action, or that "serious

---

[1] For a detailed history of petitioner's repeated efforts to vacate his conviction and sentence, see this court's December 9, 2011 memorandum of opinion and order in Case No. 1:11 CV 2154.

constitutional questions" require further consideration of his claims.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a) (3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


    s/Dan Aaron Polster
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

March 19, 2013